**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| JOHN P. GREGAN, | * |
| PLAINTIFF, | * |
| V. | *   CASE NO.: PWG-13-2925 |
| UNITED STATES OF AMERICA, | * |
| DEFENDANT. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The Internal Revenue Service ("IRS") assessed Plaintiff John P. Gregan, an authorized tax return preparer, with penalties of $107,000 for allegedly understating taxpayer liability on tax returns that he prepared for 2009 and 2010. Gregan seeks a declaration that he is not liable for understating taxpayer liability on 2009 and 2010 tax returns, as well as a recovery of payments he made on those penalties. The Government moves to dismiss, ECF No. 5, and Gregan moves to amend his Complaint, ECF No. 11.[1] Because Plaintiff has failed to state a claim and his proposed Amended Complaint does not cure this deficiency, I will grant the Government's Motion to Dismiss and deny Plaintiff's Motion for Leave to File First Amended Complaint.

---

[1] The parties fully briefed the Government's Motion. ECF Nos. 6, 7, 7-2 & 10. The Government opposed Plaintiff's motion to amend. ECF No. 12. Plaintiff has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion and Order, the Government's Motion to Dismiss IS GRANTED, and Plaintiff's Motion for Leave to File First Amended Complaint IS DENIED. This Memorandum Opinion and Order disposes of ECF Nos. 5 & 11.

I.   **BACKGROUND**[2]

Plaintiff, "an enrolled agent authorized to prepare tax returns," prepared over 2,000 tax returns for individuals and small businesses in 2009 and 2010. Compl. ¶¶ 11–12, ECF No. 1. The IRS charged Plaintiff "penalties totaling $66,000 under 26 U.S.C. § 6694 for understatement of taxpayers' liability on returns prepared for the 2009 tax year due to either knowingly taking an unreasonable position without substantial authority under 26 U.S.C. § 6694(a) or willful and reckless conduct under 26 U.S.C. § 6694(b)." *Id.* ¶ 19. Also, with regard to tax returns Plaintiff prepared for the 2010 tax year, the IRS charged him penalties of $9,000 under 26 U.S.C. § 6694(a) and $32,000 under 26 U.S.C. § 6694(b). *Id*. ¶¶ 30–32.

Gregan challenged these penalties by filing five administrative claims with the IRS, accompanied by payments of 15% of the assessed amounts. *Id*. ¶¶ 20-23, 33-38. He filed suit in this Court after six months had passed, without IRS action, from when Plaintiff filed four of his five claims. *Id*. ¶¶ 27, 43, 44. With regard to Plaintiff's fifth claim, the six-month period had not expired when Plaintiff filed suit, but Plaintiff did not seek to recover the penalty he paid with regard to that claim. *Id*. ¶ 45. Rather, Plaintiff seeks a refund of the $14,850 he paid in penalties when he submitted his first four claims; a declaration that he "is not liable for any penalty with respect to the preparation of tax returns pursuant to 26 U.S.C. § 6694 for the 2009 and 2010 tax years"; and attorney's fees and costs. *Id*. at 7. In his proposed Amended Complaint, filed after six months had passed without IRS action, from when Plaintiff filed his fifth administrative claim, Am. Compl. ¶ 47, ECF No. 11-2, Plaintiff sets forth the same allegations and seeks, in

---

[2] For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

addition to the relief previously requested, to recover the $1,200 penalty paid when he submitted his fifth claim.  *Id.* at 8.

## II.    DISCUSSION

### A.  Motion to Dismiss Complaint for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiff seeks a refund for the penalty assessed under 26 U.S.C. § 6694(a)–(b), which provides:

> (a)  Understatement due to unreasonable positions.--
>     (1) In general.--If a tax return preparer--

3

    (A) prepares any return or claim of refund with respect to which any part of an understatement of liability is due to a position described in paragraph (2), and

    (B) knew (or reasonably should have known) of the position,

such tax return preparer shall pay a penalty with respect to each such return or claim . . . .

(2) Unreasonable position.--

    (A) In general.--Except as otherwise provided in this paragraph, a position is described in this paragraph unless there is or was substantial authority for the position.

    (B) Disclosed positions.--If the position was disclosed as provided in section 6662(d)(2)(B)(ii)(I) and is not a position to which subparagraph (C) applies, the position is described in this paragraph unless there is a reasonable basis for the position.

    (C) Tax shelters and reportable transactions.--If the position is with respect to a tax shelter (as defined in section 6662(d)(2)(C)(ii)) or a reportable transaction to which section 6662A applies, the position is described in this paragraph unless it is reasonable to believe that the position would more likely than not be sustained on its merits.

(3) Reasonable cause exception.--No penalty shall be imposed under this subsection if it is shown that there is reasonable cause for the understatement and the tax return preparer acted in good faith.

(b) Understatement due to willful or reckless conduct.--

(1) In general.--Any tax return preparer who prepares any return or claim for refund with respect to which any part of an understatement of liability is due to a conduct described in paragraph (2) shall pay a penalty with respect to each such return or claim . . . .

(2) Willful or reckless conduct.--Conduct described in this paragraph is conduct by the tax return preparer which is--

    (A) a willful attempt in any manner to understate the liability for tax on the return or claim, or

    (B) a reckless or intentional disregard of rules or regulations.

(3) Reduction in penalty.--The amount of any penalty payable by any person by reason of this subsection for any return or claim for refund shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).

26 U.S.C. § 6694(d) provides that, within a designated timeframe, a tax return preparer may file with the IRS a claim for refund of any penalty assessed and, if the claim is denied or six

months pass without IRS action on the preparer's claim, the tax return preparer may file suit in federal court. The parties have not cited any case law discussing the elements of such a claim, and my independent research has not uncovered any pertinent cases. In the absence of case law, I turn to 26 C.F.R. § 1.6696-1, which lists the information that a tax return preparer must include in an administrative claim for a refund of a penalty that the IRS assessed. The regulation calls for identifying information, such as the preparer's name, identification number, and address, as well as "[a] statement setting forth in detail . . . [e]ach ground upon which each penalty overpayment claim is based; and . . . [f]acts sufficient to apprise the IRS of the exact basis of each such claim." 26 C.F.R. § 1.6696-1(6).

> Relevantly, Plaintiff claims:
>
> 13. In preparing income tax returns for 2009 and 2010, Plaintiff reasonably relied upon information provided by the taxpayers about the conduct of their production of income, the expenses they incurred in producing income, and their other deductible personal expenses.
>
> 14. In preparing income tax returns for 2009 and 2010, Plaintiff did not knowingly take a position on a return unless there is or was substantial authority for the position.
>
> 15. In preparing income tax returns for 2009 and 2010, Plaintiff did not willfully attempt in any manner to understate the liability for tax on the return or claim.
>
> 16. In preparing income tax returns for 2009 and 2010, Plaintiff did not recklessly or intentionally disregard rules or regulations.

Compl. ¶¶ 13-16. Plaintiff's ipse dixit allegations are wholly conclusory—they do not include any details to justify his calculations of his clients' taxable income or otherwise show why the penalty assessed was greater than it should have been. *See* 26 C.F.R. § 1.6696-1(6). Rather, Plaintiff's Complaint consists solely of conclusory allegations that are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Velencia*, 2012 WL 6562764, at *4.

### B. Motion to Amend

Plaintiff moves to amend, not to change or augment the substance of his pleading, but rather "merely [to] restate[] Refund Claim Five in order to permit this Court to consider the same," as "Plaintiff's claim regarding Refund Claim Five was premature" when Plaintiff filed suit, but since "has matured." Pl.'s Mot. ¶¶ 3, 4 & 6. The Court should deny leave to amend if amendment "would . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). Because Plaintiff's Complaint is subject to dismissal for failure to state a claim and the proposed Amended Complaint that Plaintiff filed in accordance with Local Rule 103.6(a)[3] does not cure its deficiencies , amendment would be futile, as Plaintiff's amended claims still would be subject to dismissal because they continue to be conclusory. *See id.*

### III. CONCLUSION

In sum, Plaintiff, who has been represented by counsel for the duration of this lawsuit, filed a Complaint that failed to state a claim. He moved to amend his Complaint after Defendant moved to dismiss, but did not address any of the issues Defendant raised in its Motion or otherwise revise the Complaint to state a claim. Thus, for the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 5, IS GRANTED, and Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 11, IS DENIED. The Clerk is directed to CLOSE THIS CASE. So ordered.

Dated: September 22, 2014

/S/
Paul W. Grimm
United States District Judge

lyb

---

[3] Local Rule 103.6(a) provides that, "[w]henever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion."